# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **THOMAS CARTER,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) | **1:14-cv-02786-MHC-GGB** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CACH, LLC,** | ) | |
| **SQUARETWO FINANCIAL** | ) | |
| **COMMERCIAL FUNDING CORP.,** | ) | |
| **JOSEPH A. RANIERI, IV, and** | ) | |
| **ASHLEY VALENTINE,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## DEFENDANT SQUARETWO FINANCIAL COMMERCIAL FUNDING CORP.'S BRIEF IN SUPPORT OF MOTION FOR RULE 11 SANCTIONS

COMES NOW, SquareTwo Financial Services Corp. f/k/a SquareTwo Financial Commercial Funding Corp. (hereinafter, "Services Corp." and/or "Defendant"), a Defendant in the above-styled litigation, which pursuant to Rule 11 of the Federal Rules of Civil Procedure moves for sanctions against Plaintiff and his counsel.  Defendant has complied with the safe harbor provision of Fed. R. Civ. P. 11(c)(2) by serving the Motion on Plaintiff's counsel, prior to filing same with this Court, and Plaintiff stubbornly failed to timely withdraw his Complaint, instead forcing this Defendant to litigate this case through summary judgment without even a scintilla of investigation before or after receiving Defendant's

1

notice of intent to seek monetary sanctions. Defendant now submits the following in support of its motion for sanctions:

## I.     FACTUAL AND PROCEDURAL BACKGROUND

### a.  Relevant Procedural Background

Plaintiff filed his original Complaint on August 28, 2014 and filed an Amended Complaint on May 8, 2015 both alleging a litany of violations of the FDCPA against four Defendants – Services Corp., CACH, LLC, Joseph A. Ranieri, IV, and Ashley Valentine.  The undersigned sent safe harbor correspondence pursuant to Fed. R. Civ. P. 11(c) to Plaintiff's counsel on June 15, 2015.[1]  This correspondence included a cover letter demanding dismissal of Services Corp., the reasons therefor, and advised that Plaintiff was already on notice of the relationship between Services Corp. and CACH, LLC from a prior case involving substantially the same allegations and the same defendants.  Also enclosed was a copy of Services Corp.'s proposed motion and a stipulation for dismissal with prejudice.  Plaintiff's counsel acknowledged receipt of this correspondence in his correspondence of July 8, 2015.[2]  On July 7, 2015, this Court, upon motions by the parties, extended the close of discovery to September 7, 2015 and on September 11, 2015, upon motion by Plaintiff, extended the

---

[1] Affidavit of Michael K. Chapman, ¶ 3 (filed herewith as Exhibit "A").
[2] Affidavit of Michael K. Chapman, ¶ 3 (filed herewith as Exhibit "A").

deadline for the parties to file their motions for summary judgment to October 2, 2015.[3]  On September 29, 2015, Services Corp. filed its summary judgment motion.[4]  No motion for summary judgment was filed by Plaintiff.  On October 20, 2015, the undersigned received an e-mail from Plaintiff's counsel seeking Services Corp.'s stipulation to dismiss Services Corp. from the litigation.[5]  On October 21, 2015, Plaintiff filed a response to Services Corp.'s summary judgment motion stating merely that Plaintiff was advising that he has moved to dismiss Services Corp. with prejudice.[6]  Plaintiff contemporaneously filed a motion to dismiss Services Corp.[7]  Other than the filing of the motion to dismiss and the document purporting to be a response in opposition to Services Corp.'s motion for summary judgment (which was nothing more than a single paragraph stating that Plaintiff filed the aforementioned motion to dismiss), Plaintiff did not oppose Services Corp.'s motion for summary judgment in any manner.  On May 20, 2016, the Court adopted Magistrate Judge Larkins' Order and Final Report and

---

[3] Statement of Uncontested Material Fact No. 35 and No. 36 [*See*, Order of July 7, 2015 (Docket Entry No. 86); Minute Order of September 11, 2015 (Docket Entry No. 108); Order of September 14, 2015 (Docket Entry No. 109)].

[4] Defendant SquareTwo Financial Commercial Funding Corp.'s Motion for Summary Judgment [Doc. No. 113].

[5] Affidavit of Michael K. Chapman, ¶ 6 (filed herewith as Exhibit "A").

[6] Plaintiff's Response in Opposition to Defendant SquareTwo Financial Commercial Funding Corp.'s Motion for Summary Judgment, [Doc. No. 126].

[7] Plaintiff's Motion to Dismiss with Prejudice SquareTwo Financial Commercial Funding Corp.,[Doc. No. 125].

Recommendation of April 7, 2016 whereby the Court dismissed Services Corp. with prejudice and denied its summary judgment motion as moot.[8]  In his Order and Final Report and Recommendation of April 7, 2016, Judge Larkins stated: "I find it appropriate, as condition of granting dismissal, to recommend that [Services Corp.] be granted leave to file a motion for fees, costs, or sanctions, as appropriate, within a set a time following the entry of an order granting voluntary dismissal."[9] Although the order granting the voluntary dismissal was entered on May 20, 2016, no time frame was established by the Court for Services Corp. to file the instant motion.

### b. Factual Background

This case is one of five cases filed in this Court by the same attorneys against substantially the same defendants on nearly identical facts and theories of recovery.[10]  In each of these cases, the Plaintiff has named Services Corp. as a

---

[8] Order of May 20, 2016 [Doc. No. 140]; Order and Final Report and Recommendation [Doc. No. 137].

[9] Order and Final Report and Recommendation, Pg. 16 [Doc. No. 137].

[10] See, *Erin Goehrig v. CACH, LLC  and SquareTwo Commercial Funding Corp.*, Docket No. 1:14-cv-01819, Complaint [Docket Entry No. 1] and Amended Complaint [Docket Entry No. 18];  *William Harrison v. CACH, LLC, SquareTwo Commercial Funding Corp., Joseph A. Ranieri, IV, and Darlene Scott*, Docket No. 1:15-cv-01512, Complaint [Docket Entry No. 1] and Amended Complaint [Doc. No. 15] (attempting to remove Services Corp. as a Defendant and replace it with the proper entity); *Sherina Aqeel v. CACH, LLC, SquareTwo Financial Commercial Funding Corp., Joseph A. Ranieri, IV, and Carla Hawkins*, Docket No. 1:15-cv-02158, Complaint [Docket Entry No. 1]; *Jeremey Fulk v. CACH, LLC,*

defendant.  Plaintiff's counsel has known or should have known that Services

Corp. is not the proper Defendant in any of these lawsuits since *August of 2014*.

Nonetheless, Plaintiff's counsel has filed three additional lawsuits since the time of

the filing of the instant matter, each on the same facts and theories of recovery, and

each naming Services Corp. as a defendant.  Despite having been shown through

Rule 11 Letters, affidavits, deposition testimony, written discovery responses, and

Plaintiff's own erroneous reading of a 10-K document filed with the Securities

Exchange Commission,  Plaintiff's counsel has continued to stubbornly pursue

Services Corp.   The parties have litigated this matter for nearly two years, they

have engaged in extensive discovery, and Services Corp. has been forced to devote

considerable resources to its defense including the expenditure of thousands of

dollars defending this action.  Despite being repeatedly told and shown (as

described in exacting detail in the Argument section herein),  it was only upon

being confronted with the need to respond to Services Corp.'s motion for summary

judgment that Plaintiff apparently realized his folly and attempted to unilaterally

dismiss Services Corp. with prejudice in lieu of responding to the substance of

Services Corp.'s summary judgment motion.

---

*SquareTwo Financial Commercial Funding Corp., Joseph A. Ranieri, IV, and Tony Davis*, Docket No. 1:15-cv-02273, Complaint [Docket Entry No. 1].

Services Corp. requests that Plaintiff and his attorney be ordered to compensate Services Corp. for the cost and expense incurred in defending Plaintiff's unwarranted lawsuit when even the most cursory reading of Plaintiff's *own evidence* would have revealed that Plaintiff's claims against this Defendant have no reasonable factual basis. It is Services Corp.'s assertion that Plaintiff and his counsel have pursued this case, at minimum, in an objectively reckless fashion or, at worst, in bad faith.

## II.   LAW AND ARGUMENT

The purpose of Fed. R. Civ. P. 11 is to deter frivolous lawsuits and not to deter novel legal arguments or cases of first impression.[11] Rule 11 states, in pertinent part, that "the signature of an attorney constitutes a certificate by the signer that . . . to the best of the signer's knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact."[12] The Rule further states that upon finding a violation of Rule 11, the Court ". . . shall impose upon the person who signed it . . . an appropriate sanction which may include . . . reasonable expenses incurred because of the filing of [the violative document], including a reasonable attorney's fee."[13] If the attorney failed to conduct a

---

[11] *Baker v. Alderman,* 158 F.3d 516, 524 (11th Cir. 1998).
[12] Fed. R. Civ. P. 11.
[13] *Id.*

reasonable inquiry, Rule 11 sanctions are warranted.[14]  Additionally, Rule 11 is

violated if a party or an attorney continues to assert a contention that is no longer

tenable.  Even if a pleading passes the Rule 11 requirements when it is initially

signed, information that subsequently comes to the attention of counsel may

demonstrate that a claim or contention is no longer viable."[15]  The Rule imposes a

duty of continuing diligence and is violated when a party continues to maintain a

position despite discovery or other evidence that the position has no merit.[16]  Rule

11 was amended in 1983 to provide that if a violation of the Rule is found, the

imposition of sanctions is mandatory.[17]  The 11th Circuit has noted that although

the sanctions most commonly contemplated are costs and attorney's fees, the

---

[14] See, *Pelletier v. Zweifel*, 921 F.2d 1465, 1514 (11th Cir. 1991) (Rule 11 sanctions appropriate where the pleading lacked reasonable factual basis and attorney filed to conduct reasonable inquiry.)

[15] See, *Turner v. Sungard Business Systems, Inc.*, 91 F.3d 1418, 1422 (11th Cir. 1996) (That the contentions contained in the complaint were not frivolous at the time it was filed does not prevent the district court from sanctioning [plaintiff] for his continued advocacy of them after it should have been clear that those contentions were no longer tenable).

[16] See, e.g. *Fabriko Acquisition Corp. v. Prokos*, 536 F.3d 605 (7th Cir. 2008); *B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257 (6th Cir. 2008).

[17] *Refac International Ltd. v. Hitachi, Ltd.*, 921 F.2d 1247(Fed. Cir. 1990); Golden Eagle Distributing Group v. Burroughs Corp., 801 F.2d 1531, 1540 (9th Cir. 1986) (superseded by statute, See, *Associated Business Telephone System Corp. v. Cohen*, 1994  U.S. Dist. LEXIS 14746 (N.A. Cal. 1994)); C. Wright, A, Miller & M. Kane, *Federal Practice and Procedure*, at 223 (Supp. 1989).

selection of the type of sanction to be imposed lies within the discretion of the Court.[18]

According to the 11th Circuit, the proper standard of analysis with respect to an alleged Rule 11 violation is as follows:

> "Rule 11 sanctions are properly assessed when a party files a pleading that has no reasonable factual basis, that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law, or that stems from bad faith or an improper purpose. Bad faith is an objective standard that is met if the party's conduct was objectively reckless or outside of the bounds of acceptable conduct."[19]

### a. Plaintiff and His Counsel Knew That He Was Proceeding Against The Wrong Defendant.

Services Corp. was named as a Defendant to this action because Plaintiff believes that Services Corp. is the parent company of co-Defendant CACH, LLC.[20] Plaintiff testified during his deposition that the only basis for this alleged relationship is because his attorneys told him so.[21]  The Amended Complaint itself cites to a Form 10-K document filed with the Securities Exchange Commission on

---

[18] *Donaldson v. Clark*, 819 F.2d 1551, 1557 (11th Cir. 1987) (Further noting that the "imposition of a monetary sanction is a particularly reasonable use of a court's discretion").

[19] *Odion v. Google Inc.*, 2015 U.S. App. LEXIS 17427 (11th Cir. 2015).

[20] See, Complaint, ¶ 13 [Doc. No. 1]; Amended Complaint, ¶ 16 [Doc. No. 50].

[21] Deposition of Thomas Carter, Pg. 92, Ln. 14-25, Pg. 93, Ln. 1-20. [Doc. No. 110 – No. 112].

March 1, 2013 as the documentary basis for this allegation.[22]  Interestingly, this same 10-K document was used to make identical allegations against Services Corp. in the Amended Complaint in a matter previously filed in this Court, *Erin Goehrig v. CACH, LLC and SquareTwo Commercial Funding Corp*. [23]  The Amended Complaint in *Goehrig* was filed on November 25, 2014.

A review of the 10-K document at issue shows the following:

- The 10-K document was filed by SquareTwo Financial Corporation and *not* Services Corp.[24]

- SquareTwo Financial Corporation is the parent company of Services Corp.[25]

- SquareTwo Financial Corporation is also the parent company of CACH, LLC.[26]

- Services Corp. and CACH, LLC are separate corporate entities.[27]

---

[22] Amended Complaint, ¶ 14, ¶15, ¶ 19, ¶ 23 [Doc. No. 50].  A copy of the Form 10-K is filed as an Exhibit to Defendant's Motion for Summary Judgment [Doc. No. 113] and is also filed herewith as Exhibit "B".

[23] *Erin Goehrig v. CACH, LLC and SquareTwo Commercial Funding Corp.*, Docket No. 1:14-cv-01819, Amended Complaint [Docket Entry No. 18], filed herewith as Exhibit "C".

[24] 10-K document, Pg. 1, Pg. 4(filed herewith as Exhibit "B").

[25] *Ibid.* Pg. 5.

[26] *Id.*

[27] *Id.*

- The 10-K document states: "[SquareTwo Financial Corporation] operate[s] our domestic charged-off receivables management business through a series of subsidiary entities, including CACH, LLC . . . we also have two smaller domestic subsidiary entities, [including] SquareTwo Commercial Funding Corporation [i.e., Services Corp.]. . ."[28]

Plaintiff's own evidence reveals that the alleged relationship between Services Corp. and CACH, LLC is simply wrong – Services Corp. is *not* the corporate parent of CACH.   Plaintiff's counsel first introduced the 10-K document as the basis for this erroneous position on November 25, 2014 by virtue of making the same allegations in the Amended Complaint in *Goehrig*.[29]  As such, Plaintiff's counsel knew or should have known that Services Corp. was not a correct defendant by at least November 25, 2014.  Nonetheless, Plaintiff continued to litigate the case against Services Corp. and Plaintiff's counsel even filed three additional lawsuits in this Court against Services Corp. on the same theories and relying upon the same Form 10-K document on May 4, 2015, June 16, 2015, and June 24, 2015, respectively.[30]

---

[28] *Id.*

[29] *Erin Goehrig v. CACH, LLC and SquareTwo Commercial Funding Corp.*, Docket No. 1:14-cv-01819, Amended Complaint [Docket Entry No. 18], filed herewith as Exhibit "C".

[30] See, *William Harrison v. CACH, LLC, SquareTwo Commercial Funding Corp., Joseph A. Ranieri, IV, and Darlene Scott*, Docket No. 1:15-cv-01512, Complaint [Docket Entry No. 1] and Amended Complaint [Doc. No. 15] (attempting to

Plaintiff's counsel was aware of the content of  the Form 10-K in November

of 2014.  Plaintiff, and more importantly, his counsel, were made aware that

Services Corp. was not the corporate parent of CACH, LLC on numerous

occasions thereafter as follows:

| DATE | EVENT | SOURCE |
|------|-------|--------|
| 8/18/14 | Services Corp. files its Rule 7.1 Corporate Disclosure Statement in *Goehrig* identifying SquareTwo Financial Corporation as its corporate parent. | *Goehrig v. CACH, LLC, et al*, No. 1:14-cv-01819 [Doc. No. 10], Filed herewith as Exhibit "H". |
| 8/18/14 | CACH, LLC files its Rule 7.1 Corporate Disclosure Statement in *Goehrig* identifying SquareTwo Financial Corporation as its corporate parent. | *Goehrig v. CACH, LLC, et al*, No. 1:14-cv-01819 [Doc. No. 9], Filed herewith as Exhibit "I". |
| 10/13/14 | Services Corp. files its Initial Disclosures in *Goehrig* stating: "Plaintiff asserts that [Services Corp.] is an "alter ego" of co-Defendant of CACH, LLC to which this Defendant strongly denies. [Services Corp.] is an entirely separate business entity from CACH, LLC, does not collect unpaid accounts, did not collect the unpaid account at issue in this case, does not own the account at | *Goehrig v. CACH, LLC, et al*, No. 1:14-cv-01819 [Doc. No. 17], Filed herewith as Exhibit "J". |

remove Services Corp. as a Defendant and replace it with the proper entity) Filed
herewith as Exhibit "D" and Exhibit "E"; *Sherina Aqeel v. CACH, LLC,
SquareTwo Financial Commercial Funding Corp., Joseph A. Ranieri, IV, and
Carla Hawkins*, Docket No. 1:15-cv-02158, Complaint [Docket Entry No. 1], filed
herewith as Exhibit "F"; *Jeremey Fulk v. CACH, LLC, SquareTwo Financial
Commercial Funding Corp., Joseph A. Ranieri, IV, and Tony Davis*, Docket No.
1:15-cv-02273, Complaint [Docket Entry No. 1], filed herewith as Exhibit "G".

| | | |
|---|---|---|
| | issue in this case, did not attempt to contact the Plaintiff, and did not file a lawsuit against the Plaintiff." | |
| 11/4/14 | In *Goehrig*, counsel for Services Corp. sends correspondence pursuant to Fed. R. Civ. P. 11 demanding dismissal of Services Corp. explaining that Services Corp. is not the parent company of CACH, LLC and enclosed the Affidavit of Jay Mills stating same. | Affidavit of Michael K. Chapman, ¶ 1 Filed herewith as Exhibit "A". |
| 2/10/15 | Services Corp. files its Corporate Disclosure Statement in the present matter identifying SquareTwo Financial Corporation as its corporate parent. | Doc. No. 19 |
| 2/10/15 | CACH, LLC files its Corporate Disclosure Statement in the present matter identifying SquareTwo Financial Corporation as its corporate parent. | Doc. No. 21 |
| 3/5/15 | Defense counsel receives e-mail from Plaintiff's counsel stating "I am not persuaded that [Services Corp.] is an improper party and would definitely not be inclined to release them as defendants. Discovery could prove otherwise but that remains to be seen." | Affidavit of Michael K. Chapman, ¶ 2 Filed herewith as Exhibit "A". |
| 3/10/15 | Services Corp. files its Initial Disclosures in the present matter stating: "Defendant has not been improperly identified by Plaintiff. Defendant asserts that it should not be a Defendant in this case at all, that Plaintiff has done no pre-suit investigation to determine whether this Defendant is proper, and that Plaintiff's counsel has previously filed a nearly identical case in this Court against this Defendant despite being repeatedly informed that the SquareTwo Financial Commercial Funding Corp. is not a proper Defendant (*See, Goehrig v. CACH, et al*, 1:14-cv-1819)." | Doc. No. 23 |
| 3/11/15 | Joint Preliminary Report and Discovery Plan is entered in the present case whereby Services Corp. states, among its legal issues to be tried, "Whether [Services Corp.] is entitled to | Doc. No. 25 |

| | | |
|---|---|---|
| | sanctions and reasonable attorney's fees under Fed. R. Civ. P. 11 should Plaintiff continue to pursue his claims under the FDCPA despite being provided with the notice articulated under the Rule." | |
| 3/18/15 | Plaintiff's counsel in *Goehrig* takes the deposition of CACH, LLC's 30(b)(6) corporate representative, Jay Mills, who states (consistent with his previously submitted affidavit) that CACH and Services Corp. are separate entities and that both entities are subsidiaries of SquareTwo Financial Corp.  In a deposition taken of him in his personal capacity, Mr. Mills testified similarly. | The relevant portions of these deposition transcripts are filed herewith as Exhibit "K" and Exhibit "L". |
| 6/15/15 | Counsel for Services Corp. sends correspondence to Plaintiff's counsel pursuant to Fed. R. Civ. P. 11 demanding dismissal of Services Corp. explaining that Services Corp. is not the parent company of CACH, LLC and referencing that Plaintiff's counsel had prior notice of this issue from the *Goehrig* case to which counsel responds on 7/8/15 refusing to dismiss Services Corp. | Affidavit of Michael K. Chapman, ¶ 3 Filed herewith as Exhibit "A". |
| 6/17/15 | In the present case, Services Corp. serves responses to Plaintiff's written discovery requests whereby Services Corp. directs Plaintiff to the S.E.C. filings as the basis for its denial that it is the parent company of CACH (Interrogatory No. 7) and specifically states: "[b]oth [Services Corp.] and CACH, LLC are owned by the same corporate parent, SquareTwo Financial Corporation (Interrogatory No. 15). | Affidavit of Michael K. Chapman, ¶ 4 Filed herewith as Exhibit "A". |
| 7/8/15 | Defense counsel offers Plaintiff the opportunity to dismiss the case without the Defendants seeking any fees or costs from Plaintiff to which Plaintiff refuses. | Affidavit of Michael K. Chapman, ¶ 5 Filed herewith as Exhibit "A". |
| 8/6/15 | In the present case, Plaintiff takes the deposition of CACH, LLC's Rule 30(b)(6) | Deposition of Christy M. Coston |

| | corporate representative whereby the corporate representative once again explains that Services Corp. is not the corporate parent of CACH, LLC.  In anticipation of this response, Plaintiff's counsel states on the record: Q:"Am I correct that SquareTwo Financial Corporation is the parent corporation of [Services Corp.]?" A: "Correct…" | as 30(b)(6) representative of CACH, LLC, 8/6/15 [Doc. No. 123],  Pg. 23, Ln. 7-25, Pg. 24, Ln. 1, Pg. 23, Ln. 20-21, Pg. 40, Ln. 21-23, Pg. 41, Ln. 1. |
|---|---|---|
| 9/29/15 | Services Corp. files its Motion for Summary Judgment. | Doc. No. 113 |
| 10/20/15 | Defense counsel receives an e-mail from Plaintiff's counsel seeking a stipulation of dismissal with prejudice of Services Corp. | Affidavit of Michael K. Chapman, ¶ 6 Filed herewith as Exhibit "A". |
| 10/21/15 | Plaintiff unilaterally files a Motion to Dismiss Services Corp. with prejudice. | Doc. No. 125 |

Plaintiff's counsel has been aware that Services Corp. is not the correct the party to this litigation since long before this litigation began.  Nevertheless, Plaintiff has stubbornly refused to dismiss Services Corp. (that is, until being faced with responding to Services Corp's motion for summary judgment).  Prior to the filing of Plaintiff's unilateral motion to dismiss Services Corp. on October 21, 2014, Defendant presented Plaintiff with numerous opportunities to dismiss.  On March 4, 2015, the undersigned counsel sent an e-mail to Plaintiff's counsel explaining, among other things, that Services Corp. was an improper defendant (just as it was in the *Goehrig* case), to which counsel responded: "I am not at all persuaded that SquareTwo [Services Corp.] is an improper party and would

definitely not be inclined to release them as defendants."[31]   On June 15, 2015, the

undersigned sent a proposed motion for sanctions pursuant to Fed. R. Civ. P. 11

along with a cover letter stating the reasons therefor, and a draft stipulation for

dismissal.[32]  On July 8, 2015, the undersigned sent an e-mail to Plaintiff's counsel

offering a mutual "walkaway" from the case, each party to bear their own costs and

fees, to which Plaintiff's counsel declined.[33]  Also on this date, Plaintiff's counsel

responded to Services Corp.'s Rule 11 letter of June 15, 2015 again stating

Plaintiff's refusal to dismiss.[34]

During the deposition of Defendant CACH, LLC's Fed. R. Civ. P. 30(b)(6)

corporate representative, Plaintiff's counsel went so far as to state his knowledge

that Services Corp. was the not the correct Defendant to this action by

characterizing his own question as  "Am I correct that SquareTwo Financial

Corporation is the parent corporation of [Services Corp.]?"[35]  Plaintiff's counsel

has further evidenced knowledge that Services Corp. is the improper party in a

subsequently filed case (containing identical allegations against substantially the

same parties) by attempting to amend the Plaintiff's Complaint by dropping

---

[31] Affidavit of Michael K. Chapman, ¶ 2. (Filed herewith as Exhibit "A").
[32] Affidavit of Michael K. Chapman, ¶ 3 (filed herewith as Exhibit "A").
[33] Affidavit of Michael K. Chapman, ¶ 5 (filed herewith as Exhibit "A")
[34] Affidavit of Michael K. Chapman, ¶ 3 (filed herewith as Exhibit "A").
[35] Deposition of Christy M. Coston as 30(b)(6) representative of CACH, LLC,
8/6/15 [Doc. No. 123],  Pg. 23, Ln. 7-25, Pg. 24, Ln. 1, Pg. 23, Ln. 20-21, Pg. 40,
Ln. 21-23, Pg. 41, Ln. 1.

Services Corp. and adding the correct parent company, SqaureTwo Financial Corporation."[36]

Plaintiff's counsel had full knowledge that it was pursuing a case against the wrong Defendant yet continued to pursue this Defendant, moving to dismiss only when Plaintiff was required to respond to Services Corp.'s motion for summary judgment. This is exactly the type of bad faith, abusive, and frivolous litigation Fed. R. Civ. P. 11 is designed to deter.

**b. Defendant Has Complied With The Specific Terms Of Rule 11.**

Defendant has complied with the specific terms of Rule 11 and allowed Plaintiff 21 days from the date of service to withdraw his Complaint against Services Corp. and Plaintiff steadfastly refused to do so. As indicated above, the undersigned sent correspondence pursuant to Fed. R. Civ. P. 11(c) to Plaintiff's counsel on June 15, 2015.[37] This correspondence included a cover letter demanding dismissal of Services Corp., the reasons therefor, and advised that Plaintiff was already on notice of the relationship between Services Corp. and CACH, LLC from the *Goehrig* case. Also enclosed was a copy of Services Corp's

---

[36] See, *William Harrison v. CACH, LLC, SquareTwo Commercial Funding Corp., Joseph A. Ranieri, IV, and Darlene Scott*, Docket No. 1:15-cv-01512, Complaint [Docket Entry No. 1] and Amended Complaint [Doc. No. 15] (attempting to remove Services Corp. as a Defendant and replace it with the proper entity) Filed herewith as Exhibit "D" and Exhibit "E"

[37] Affidavit of Michael K. Chapman, ¶ 3 (filed herewith as Exhibit "A").

motion and a stipulation for dismissal with prejudice.  Plaintiff's counsel

acknowledged receipt of this correspondence in his correspondence of July 8,

2015.[38]

## III.    CONCLUSION

For the reasons stated herein, Plaintiff, after being presented with

incontrovertible evidence that his claims against this Defendant are not grounded

in any factual basis and are entirely untenable, refused to withdraw his allegations

against this Defendant until it was necessary for him to respond to Services Corp.'s

Motion for Summary Judgment.  Defendant prays this honorable Court will grant

this Motion by sanctioning Plaintiff and his counsel and allow Services Corp. to

present to the Court its reasonable and necessary fees and costs incurred in the

defense of this litigation.

This 15th day of June, 2016.              Respectfully submitted,

                                            BEDARD LAW GROUP, P.C.

                                            /s/ Michael K. Chapman
                                            John H. Bedard, Jr.
                                            Georgia Bar No. 043473
                                            Michael K. Chapman
                                            Georgia Bar No. 322145

                                            *Counsel for Defendant,*
                                            *SquareTwo Financial Services Corp.*
                                            *f/k/a SquareTwo Financial*
                                            *Commercial Funding Corp.*

---

[38] Affidavit of Michael K. Chapman, ¶ 3 (filed herewith as Exhibit "A").

Bedard Law Group, P.C.
2810 Peachtree Industrial Blvd.
Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871
jbedard@bedardlawgroup.com
mchapman@bedardlawgroup.com

## CERTIFICATION OF COMPLIANCE

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this brief has been prepared using Times New Roman 14 point font.

This 15th day of June, 2016.          Respectfully submitted,

/s/ Michael K. Chapman
Michael K. Chapman