IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THOMAS CARTER, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>CACH, LLC, a Colorado Limited Liability Company; SQUARETWO FINANCIAL COMMERCIAL FUNDING CORP., a Delaware Corporation; JOSEPH A. RANIERI, IV and ASHLEY VALENTINE, individuals.<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:14-CV-2786-MHC |

**ORDER**

I.  **INTRODUCTION**

This case is before the Court on the Final Report and Recommendation ("R&R") of Magistrate Judge John K. Larkins III [Doc. 152] recommending that: (1) Defendant SquareTwo Financial Commercial Funding Corporation ("SquareTwo Funding")'s Motion for Rule 11 Sanctions [Doc. 141] be denied, and (2) Defendants CACH, LLC ("CACH") and Joseph A. Ranieri, IV ("Ranieri")'s Motion to Dismiss Plaintiff's Amended Complaint for Lack of Article III Standing

[Doc. 142] be denied. The Order for Service of the R&R [Doc. 153] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. Within the required time period, SquareTwo Funding filed its objections to the portion of the R&R which denied its motion for sanctions [Doc. 154] ("SquareTwo's Objs."). CACH and Ranieri have not objected to the portion of the R&R which denied their motion to dismiss.

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). If there are no specific objections to factual findings made by the Magistrate Judge, there is no requirement that those findings be reviewed de novo. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations

made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation. FED. R. CIV. P. 72, advisory committee note, 1983 Addition, Subdivision (b). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which SquareTwo Funding objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II.     SQUARETWO FUNDING'S OBJECTIONS

Aside from restating the same arguments from its original briefing to the Magistrate Judge, SquareTwos' Objs. at 3, Square Two Funding takes exception to Judge Larkin's finding that "it was reasonable for Plaintiff to continue the litigation of this case against SquareTwo because the 10-K document specifically cited in Plaintiff's Amended Complaint as the basis for Plaintiff's erroneous contention that SquareTwo is the parent company of CACH is confusing." SquareTwo's Objs. at 2. According to SquareTwo Funding, "[t]he 10-K document could not be any clearer." Id. However, as stated by Judge Larkins, there are statements in the 10-K filing which "suggest the possibility of a more direct relationship between the two entities [Square Two Funding and CACH] than

SquareTwo Funding now asserts." R&R at 13-14 (citing 10-K document [Doc. 141-3] at 5).

In addition, what is particularly relevant in defeating SquareTwo Funding's argument that Plaintiff's error in naming it as a party warrants Rule 11 sanctions are the parties' responses to the Joint Preliminary Report and Discovery Plan. Under the section, "The following persons are improperly joined as parties:", all parties, including SquareTwo Funding, responded "No." Joint Prelim. Report & Disc. Plan [Doc. 25] at ¶ 5(b). The parties also indicated that the names of none of the parties were inaccurately stated. Id. at 5(c). The Joint Preliminary Report and Discovery Plan also provides that "[t]he parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name." Id. at 5(d). SquareTwo Funding did raise as an affirmative defense the fact that it was named as an improper party when filing its Answer [Doc. 60], and Plaintiff moved to dismiss SquareTwo Funding with prejudice five months later [Doc. 125].

"[T]he standard for testing conduct under Rule 11 is 'reasonableness under the circumstances' and 'what was reasonable to believe at the time' the pleading was submitted." A.L. v. Jackson Cty. Sch. Bd., 652 F. App'x 795, 797 (11th Cir.

2016) (quoting Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998)). SquareTwo Funding can hardly contend that Plaintiff's error in naming it as a party was so objectively unreasonable as to incur Rule 11 sanctions when it failed in the parties' initial joint filing to raise an objection that it was erroneously named as a party in the litigation.  Moreover, this Court concludes that Judge Larkins conducted a thorough analysis of SquareTwo Funding's arguments on its motion and Judge Larkins was within his discretion in concluding that Rule 11 sanctions are not warranted in this case.

Based upon the foregoing discussion, SquareTwo Funding's objections to the R&R [Doc. 154] are **OVERRULED**.

### III. REMAINING RECOMMENDATIONS

This Court has reviewed the remaining recommendations of the R&R to which no objection has been filed and finds no plain error.

### IV. CONCLUSION

Accordingly, for the foregoing reasons, it is hereby **ORDERED** that Defendant SquareTwo Funding's objections [Doc. 154] are **OVERRULED**, and the Final Report and Recommendation [Doc. 152] is **ADOPTED** as the Opinion and Order of this Court.

It is further **ORDERED** that Defendants CACH, LLC and Joseph A. Ranieri, IV's Motion to Dismiss Plaintiff's Amended Complaint for Lack of Article III Standing [Doc. 142] is **DENIED** and that Defendant SquareTwo Financial Commercial Funding Corporation's Motion for Rule 11 Sanctions [Doc. 141] is **DENIED**.

It is further **ORDERED** that the remaining parties (Plaintiff Carter and Defendants CACH and Ranieri) shall submit a proposed consolidated pre-trial order within thirty (30) days of the date of this Order.

**IT IS SO ORDERED** this 27th day of December, 2016.

_____
MARK H. COHEN
United States District Judge